Mr. Bierig the case will be taken under advisement. Thank you, your honors. Thank you. Our fifth case today, appeal number 20-3491 United States v. Timothy Kersensowski is engaging in some further briefing. We'll move to our sixth case. Mr. Gonzales, can you hear me? And your honor, can you hear me? And Mr. O'Brien, can you hear me? Yes, your honor. All right. Good morning to each of you. The court is now going to call the sixth case today. Appeal number 20-1600 Moreland v. Meisner. And we'll begin Mr. Gonzales with argument from the appellant. Thank you, your honor. Good morning. Counsel, your honors, may it please the court. My name is P. Gonzales, and I represent petitioner Samuel Moreland in this case. Mr. Moreland was convicted of a crime in the state of Wisconsin, exercised post-conviction rights under state law, and then proceeded to file a 2254 petition before the federal court. That 2254 petition was dismissed by the district court, but in the process was granted a certificate of appealability, specifically on the question of equitable tolling and how Mr. Moreland was able to do so. Mr. Moreland's schizophrenia and the totality of his circumstances may relate thereto. Mr. Gonzales, that certificate of appealability on the equitable tolling issue does not raise a constitutional issue. It raises a question that's statutory in nature. Given that, why should this court address the issue? Well, your honor, under Holmes v. Hardy, it is the responsibility of the judge at the district court level, not of the litigant, in order to properly connect the certificate of appealability to a constitutional issue. In addition to that, your honor, the certificate of appealability was connected through several constitutional issues as it was part of the entire order. That included the Confrontation Clause issues. But the certificate of appealability was limited to the equitable tolling issue, and our job as the Court of Appeals is to be a reviewing court, and certificates of appealability are limited to constitutional issues. So why should this court address the issue here, given that the certificate of appealability did not raise a constitutional issue? That is correct, your honor. Again, turning back to Holmes, a litigant who is attempting in good faith to move forward to address the issues at the certificate of appealability should not be penalized. Additionally, these particular issues would include an implicit request to expand the certificate, and that would be done under Peterson v. Duma, and that was done at the initial briefing as well as explicitly requested in the final brief from the petitioner. Your honor, looking specifically to, if that ties up the question, your honor? Yes, thank you. Thank you, Judge. Turning now specifically to the issues in order to address the certificate of appealability, three questions must be asked. One, in order to reach equitable tolling, was Mr. Moreland's 2254 petition in fact timely? We have answered that question in the affirmative, but given the limited time today, we ask to rest on our briefs on this issue. Number two, did Mr. Moreland's schizophrenia and the totality of his circumstance in fact reach the level required for equitable tolling to be applied according to the Holland test? Your honors, we also answered that question in the affirmative. Finally, should there not have been enough evidence to specifically flesh out the impact of Mr. Moreland's schizophrenia and the totality of his circumstances on his ability to understand and exercise his legal rights, then this court should remand specifically for an evidentiary hearing to collect that given information. Now, turning to the issue of equitable tolling, judges, under the Holland test, reasonable diligence and extraordinary circumstances must be reached in order for equitable tolling to apply. The totality of the circumstances in fact are going to impact exactly how reasonable we find the actions of the petitioner, as well as how extraordinary are the circumstances. Now, your honor, under these two prongs, we must remember specifically, as was ruled in Perry, when a court needs to identify whether an issue regarding the brain caused a delay in Moreland's petition, we must look at these facts specifically. Mr. Moreland at the 2254 level included a petition, an affidavit, which specifically indicated that he struggles with the concept of time. He struggles to grasp it with the passing of day, month, and year. Now, that schizophrenia also would be impacted by the specific facts in this case. Mr. Moreland's time in solitary confinement, Mr. Moreland's inability to access his legal materials, Mr. Moreland's inability to access the library. Now, as this is the case, and Mr. Moreland was in fact impacted by his mental illness, we're not asking for a broad schizophrenia exception in this case. Rather, we're specifically tailoring this request to Mr. Moreland's schizophrenia and how his schizophrenia impacted the totality of his circumstance to make, number one, his efforts reasonably diligent, and again, not maximally reasonably diligent, as was indicated by this court in Soka, but also to particularly indicate that his circumstance was extraordinary. Now, if the court is not entirely convinced at this given juncture that Mr. Moreland's circumstance was extraordinary, but as Judge Peppers indicated within her certificate of appealability, reasonable judges could differ, that's a question of law. And there requires more information to flesh out this particular issue, which brings us to the final point in this particular argument, Your Honors. As was indicated in Perry, as well as the established precedent in Schmidt, if there is a question of mental competence and schizophrenia would apply in this case, as we've seen, it can rise to the level of extraordinary circumstance repeatedly before this court, then an evidentiary hearing would be necessary for the court to evaluate the exact impact of Mr. Moreland's schizophrenia on his rights. Mr. Gonzalez, our standard of review on the equitable tolling issue is an abuse of discretion, and the district court found that extraordinary circumstances did not exist here that would have prevented him from filing. One of the factors in the record is that on February 9th of 2016, your client contacted the clerk of the court specifically asking about the statute of limitations and how a post-conviction motion would impact that statute of limitations. In light of that record evidence, how can we conclude that the district court abused its discretion in finding no extraordinary circumstances based on the schizophrenia? Your Honor, quickly, I note that I've run out of time. May I answer the question? Yes, please. You're just into rebuttal time. You haven't run out of time, so go ahead. Thank you, Your Honor. So, under Humphreys, a decision also decided by this court, we can't put my client or any petitioner under a catch-22 situation. While he was specifically asking about how time would impact his ability to file his petition, these are reasonable efforts, and they're evidence that he's, in fact, reasonably working hard to make sure that he can do everything he can to file his petition in a timely manner despite his mental issues. Now, it would be an abuse of discretion in this case, Your Honor, looking at the totality of the evidence, again, specifically looking at that affidavit as well as the reports attached to indicate that his understanding was not impaired in any way whatsoever. And that would be moving outside of the record to indicate that it wouldn't, especially since this is a motion to dismiss, and we should be looking at all the evidence in Mr. Moreland's favor. Would you like to reserve the remainder of your time, Mr. Gonzalez? Yes, please, Your Honor. That'll be granted. Mr. O'Brien will turn to you for argument on behalf of the appellee. May it please the court, I'll quickly address the threshold issue about the inadequacy of the affidavit of appealability, that it does not identify a substantial constitutional right to be tied to this procedural question being raised, and that is essential, and especially given here that there are six separate constitutional claims in Mr. Moreland's habeas petition. And we do not know whether the district court fought one, two, four, all six, or none of those claims were substantial enough to be encouraged to be pursued on appeal. And so that is grounds for dismissal of this appeal due to the inadequacy of the certificate. With regard to the scope of the certificate, it is quite clear that the district court limited it only to the question of equitable tolling and not to the question of timeliness. And that is because Mr. Moreland really did not dispute the untimeliness of his petition to district court. He focused almost entirely on the issue of equitable tolling, asking, basically relying on his schizophrenia to excuse his delay or his untimeliness. Mr. O'Brien, on the question of the certificate of appealability not raising a constitutional issue, we have the discretion to go ahead and address the appeal. Given that the issue is fully briefed and that some time passed before you actually asked this court to dismiss the appeal, why shouldn't we go ahead and address the merits of the equitable tolling issue? Well, as you say, that is a discretionary decision for you, and I certainly can't quibble with that. I would just say that I think we would have been, your exercise of the discretion would be more proper if there were one clear, significant constitutional question raised that the district court addressed but failed to identify in the certificate. Where here we have six, and we really don't know what if any of those the district court considered to be substantial. But I recognize that you have the discretion and that these issues have been fully briefed, and so certainly you are free to do so if you feel that that's the way it should be disposed of. And with regard to that, on the question of equitable tolling, I just see nothing. I would point this court to the district judge's thorough decision discussing all of these issues. And the only reasonable conclusion is that the court properly exercised its discretion in ruling that Moreland failed to meet his burden of proving grounds to equitably toll the statute of limitations and excuse his untimely petition. The district court thoroughly explored the question of both the extraordinary circumstances allegedly beyond Mr. Moreland's control and the question of reasonable diligence. It thoroughly addressed all of his arguments. It reviewed the many exhibits that he did file in support of his claim. Unfortunately, several of those exhibits cut counter to his claim that extraordinary circumstances prevented him from timely filing. In fact, it is quite clear that he was always aware of the habeas clock and was trying to figure out, as does a separate letter he sent in August of 2014 when he filed his collateral state challenge under 97406 with only a few days left on the clock at that time, asking to make sure this thing was filed so that it stops the clock in essence. So he was aware and he had the wherewithal. And let's not forget that he bought an additional I think it was 584 days by filing his 97406 motion and litigating it all the way through the state courts. So this was not someone who lost on direct appeal, had one year plus 90 days and missed it by one. He had a lot of time to work with here. And yes, he was pursuing state litigation for a chunk of this, although he waited quite a long while to start his 97406 challenge after his direct challenge ended, which was his prerogative, because a 97406 challenge can be filed at any time, there is no statute of limitations on that. So he put himself up against the clock to begin with. He was aware of that from the beginning. And he still, after the Wisconsin Supreme Court denied review of his 97406 challenge, he still had 12 days left after all that to file for habeas and bring the identical claims that he brought to the state court. And, you know, 12 days is a long period of time. But when you've had that much time to litigate these claims and plead them, I don't think it's unreasonable to say you could file a skeletal petition listing those same claims and saying the state courts rejected them and you need to review them. Mr. O'Brien, can I ask you to respond to a point Mr. Gonzalez made? He made it in a little bit different way, but I think this is it. Our decisions in Schmidt and Perry with respect to the appointment of counsel from a habeas petitioner that's suffering from mental illness seem to put a pretty strong thumb on the side of the scale of appointing counsel to deal with these often complex and messy questions about whether the limitations period should have been equitable. And the point that Mr. Gonzalez, at least to my ear, is making is that, yeah, we're talking about the merits of the equitable tolling issue here. But the problem is we're talking about it, you know, against the backdrop of someone who litigated it without the assistance of counsel and who all agree suffers from pretty acute mental illness. So that's just all by way of saying, in light of what we said in Schmidt and Perry, what's the Attorney General's view on the appointment of counsel question? Well, obviously, if the district judge, and that's a discretionary decision for the district judge, if the district judge said, you know, I'm going to appoint counsel here, I think he's made some pretty good allegations and I'm going to appoint counsel. Obviously, we would never object to something like that, and really, nor could we, but obviously, that would be a reasonable solution for the district judge to make. And certainly, we would have no problem if a district judge was inclined to do that. No, I think that the point that Mr. Gonzalez is making is that he wants us to call the denial or to determine that the denial of the request for counsel here reflects an abuse of discretion, pointing to Schmidt, pointing to Perry, and pointing to his mental illness. Well, and I would say that that is not an abuse of discretion here, and I would point the court to the district court record and to the pleadings that he was able to file. You know, even by Mr. Moreland's own admission, when he's on his right medication, he can function quite well, and his pleadings show that, and he did file many exhibits. You know, he researched the issue of schizophrenia, he argued, you know, he submitted an affidavit explaining what his problems are with it, and basically, I'm hard-pressed to think what would be added to this record beyond what's already there. If counsel were involved, that many of the same documents would come in, and many of the same arguments would be made, and, you know, I think we'd still be at the same place had counsel been involved here. Thank you, Mr. O'Brien, for your presentation. Mr. Gonzalez, let's move back to you for rebuttal. Thank you, Your Honors. First and foremost, as to the certificate of appealability issue, it is in the interest of fairness and justice that all of these issues should be addressed. Now, first and foremost, none of these constitutional claims, all six, as opposing counsel noted, could not be addressed without this court moving forward on the issue. And in the interest of fairness and justice, especially considering that Judge Peppers thought enough of this particular issue that it needed to be addressed by this court, we would ask that the court should entertain this appeal in total. Second, as to Mr. O'Brien's claim as to the 974.06 petition, we again turn to Humphreys. Just because Mr. Moreland worked diligently and, in fact, did file petitions does not mean that these issues should be held against him. Lastly, and this truly encapsulates the entire issue, as Your Honor noted and as opposing counsel did as well, an evidentiary hearing would be necessary in this case because more information needs to be put onto the record. What else could have come out of an evidentiary hearing? The district judge here took everything in the record and viewed things in the favor of your client and accepted what he said as true. What else could have come out in a hearing? Your Honor, first and foremost, Mr. Moreland is operating under the Haines standard. He is a pro se litigant, so he shouldn't be held to the highest standard possible. And further, Mr. Moreland's assisting counsel could provide additional expert testimony, demonstrating exactly how his schizophrenia impacted his understanding of his rights. And since that is the main question here, and he was again operating as a pro se litigant, the judge should have given him that deference so that he could move forward. And with that, Your Honors, we do ask that the court remand and vacate and either simply reverse or instruct counsel, or excuse me, instruct the judge to appoint counsel for Mr. Moreland and conduct an evidentiary hearing on the equitable tolling issue as it applies to his schizophrenia. Thank you, Mr. Gonzales. Thank you, Mr. O'Brien. The case will be taken under advisement. That will close the court's hearings for the day. Thank you.